1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
8
9   REGAL WEST CORPORATION, a
    Washington corporation doing business as
10  Regal Logistics and as Appiaway.com,        CASE NO. C11-5415BHS

11                 Plaintiff,

12        v.                                    ORDER DENYING
                                                DEFENDANT'S MOTION TO
13  GRAPECITY, INC., a Tennessee                DISMISS OR FOR A MORE
    corporation,                                DEFINITE STATEMENT
14
                   Defendant.
15

16       This matter comes before the Court on Defendant Grapecity, Inc.'s ("Grapecity")

17  motion to dismiss or for a more definite statement (Dkt. 14). The Court has reviewed the

18  briefs filed in support of and in opposition to the motion and the remainder of the file and

19  hereby denies the motion for the reasons stated herein.

20                          **I. PROCEDURAL HISTORY**

21       On June 1, 2011, Plaintiff Regal West Corporation ("Regal") filed a complaint

22  against Grapecity for beach of contract. Dkt. 1. On June 23, 2011, Regal filed a first

23  amended complaint. Dkt. 7 ("FAC"). Regal alleges that it contracted with Grapecity "to

24  develop and implement the technical architecture of an Automated Transportation

25  Management System (ATM) . . . ." FAC, ¶ 3.3. Regal alleges that Grapecity delivered an

26  "unusable" product. *Id*., ¶¶ 3.5 & 3.6. Regal alleges resulting damages. *Id*., ¶¶ 3.7-3.10.

27

28

ORDER - 1

On July 7, 2011, Grapecity filed a motion to dismiss or for a more definite statement. Dkt. 15. On August 8, 2011, Regal responded. Dkt. 22. On August 12, 2011, Grapecity replied. Dkt. 24.

## II. DISCUSSION

**A.  Grapecity's Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Given these standards, "it is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). The question for the Court is whether the "non-conclusory, 'factual content,' and reasonable inferences from that content" are "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In this case, Regal's cause of action is for a breach of contract under Washington law. *See* FAC § IV. This type of claim requires a showing of "(1) a contract that

ORDER - 2

imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of that duty." *Myers v. State*, 152 Wn. App. 823, 218 P.3d 241, 243 (2009).

Grapecity moves to dismiss Regal's FAC arguing that the FAC relies on "naked assertions," fails "to identify the contract's relevant terms," and provides Grapecity "with no notice of the ground upon which [Regal's] claim rests." Dkt. 15 at 8. The Court disagrees with Grapecity and finds that Regal has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. First, Regal has alleged a contract that imposed a duty by alleging that Regal contracted with Grapecity "to develop and implement the technical architecture of an Automated Transportation Management System (ATM) . . . ." FAC, ¶ 3.3. Second, Regal has alleged a breach of the duty to develop and implement the ATM by alleging the delivery of an "unusable" product. *Id.*, ¶¶ 3.5 & 3.6. Third, Regal has alleged resulting damages. *Id.*, ¶¶ 3.7-3.10. Therefore, the Court denies Grapecity's motion to dismiss.

**B.     Grapecity's Motion for a More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail . . . ." *Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 814 (S.D. W.Va. 1999); *see also Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail.").

In this case, Grapecity has failed to show that Regal's complaint is so vague or ambiguous as to be rendered unintelligible. Grapecity's request that Regal disclose specific terms of the alleged contract is an issue more appropriate for fact discovery than pleading requirements.

ORDER - 3

### III.  ORDER

Therefore, it is hereby **ORDERED** that Grapecity motion to dismiss or for a more definite statement (Dkt. 14) is **DENIED**.

DATED this 14th day of September, 2011.

							_____
							BENJAMIN H. SETTLE
							United States District Judge

ORDER - 4