UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGAL WEST CORPORATION, a Washington Corporation d\b\a Regal Logistics, Inc., d\b\a Appiaway.com,

Plaintiff,

v.

GRAPECITY INC., a Tennessee corporation,

Defendant.

CASE NO. C11-5415 BHS

ORDER GRANTING DEFENDANT'S MOTION TO AMEND

This matter comes before the Court on Defendant Grapecity, Inc.'s ("Grapecity") motion to amend answer (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 1, 2011, Plaintiff Regal West Corporation ("Regal") filed a complaint for breach of contract against Grapecity. Dkt. 1. On June 23, 2011, Regal filed an amended complaint. Dkt. 7. On September 26, 2011, Grapecity answered. Dkt. 30.

On July 10, 2012, Grapecity filed a motion to amend. Dkt. 41. On July 12, 2012, the Court granted the parties' stipulated motion to continue trial (Dkt. 43), and on July 17, 2012, the Court issued a new scheduling order (Dkt. 44). The current deadline for amended pleadings was August 27, 2012. *Id*. On July 23, 2012, Regal responded to the motion to amend. Dkt. 46. On July 25, 2012, Grapecity replied. Dkt. 48.

## II. DISCUSSION

In considering whether to permit amendment, the court considers the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In this case, Regal argues that Grapecity's amendment is futile and would prejudice Regal. Dkt. 46.

**A.      Futility**

Courts should not grant leave to amend where amendment would be futile. *See Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

In this case, Regal argues that Grapecity's proposed amendment would be futile because Grapecity fails to plead sufficient facts in support of its claim. Dkt. 46 at 3. Regal confuses the Rule 12(b)(6) standard with the futility standard. With regard to the appropriate standard for this motion, Regal has failed to show that Grapecity is unable to

1  allege any set of facts to support a tortuous interference claim.  Therefore, Regal has
2  failed to show that Grapecity's claim is futile.
3  **B.      Prejudice**
4         In this case, Regal argues that the additional claim will cause undue prejudice in
5  the form of additional discovery and motion practice.  Dkt. 46 at 6.  These concerns may
6  cause some prejudice, but the prejudice cannot be considered undue at this early stage of
7  the proceeding.

### III. ORDER

9         Therefore, it is hereby **ORDERED** that Grapecity's motion to amend (Dkt. 41) is
10 **GRANTED**.  Grapecity shall file the amended answer as a separate docket entry no later
11 than September 14, 2012.
12        Dated this 5th day of September, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge