UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGAL WEST CORPORATION, a
Washington Corporation d\b\a Regal
Logistics, Inc., d\b\a Appiaway.com,

        Plaintiff,

    v.

GRAPECITY INC., a Tennessee
corporation,

        Defendant.

CASE NO. C11-5415 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
AMEND

This matter comes before the Court on Defendant Grapecity, Inc.'s ("Grapecity")

motion to amend answer (Dkt. 41). The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby grants

the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 1, 2011, Plaintiff Regal West Corporation ("Regal") filed a complaint for

breach of contract against Grapecity.  Dkt. 1.  On June 23, 2011, Regal filed an amended

complaint.  Dkt. 7.  On September 26, 2011, Grapecity answered.  Dkt. 30.

1   On July 10, 2012, Grapecity filed a motion to amend.  Dkt. 41.  On July 12, 2012,

2   the Court granted the parties' stipulated motion to continue trial (Dkt. 43), and on July

3   17, 2012, the Court issued a new scheduling order (Dkt. 44).  The current deadline for

4   amended pleadings was August 27, 2012.  *Id.*  On July 23, 2012, Regal responded to the

5   motion to amend.  Dkt. 46.  On July 25, 2012, Grapecity replied.  Dkt. 48.

6                              **II. DISCUSSION**

7   In considering whether to permit amendment, the court considers the following

8   factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

9   amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v.*

10  *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  In this case, Regal argues that

11  Grapecity's amendment is futile and would prejudice Regal.  Dkt. 46.

12  **A.    Futility**

13  Courts should not grant leave to amend where amendment would be futile.  *See*

14  *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th

15  Cir. 1983).  Amendment is futile "only if no set of facts can be proved under the

16  amendment to the pleadings that would constitute a valid and sufficient claim or

17  defense." *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

18  In this case, Regal argues that Grapecity's proposed amendment would be futile

19  because Grapecity fails to plead sufficient facts in support of its claim.  Dkt. 46 at 3.

20  Regal confuses the Rule 12(b)(6) standard with the futility standard.  With regard to the

21  appropriate standard for this motion, Regal has failed to show that Grapecity is unable to

22

1  allege any set of facts to support a tortuous interference claim.  Therefore, Regal has

2  failed to show that Grapecity's claim is futile.

3  **B.     Prejudice**

4        In this case, Regal argues that the additional claim will cause undue prejudice in

5  the form of additional discovery and motion practice.  Dkt. 46 at 6.  These concerns may

6  cause some prejudice, but the prejudice cannot be considered undue at this early stage of

7  the proceeding.

8                                   **III. ORDER**

9        Therefore, it is hereby **ORDERED** that Grapecity's motion to amend (Dkt. 41) is

10  **GRANTED**.  Grapecity shall file the amended answer as a separate docket entry no later

11  than September 14, 2012.

12        Dated this 5th day of September, 2012.

13

14

15                                   BENJAMIN H. SETTLE
                                     United States District Judge

16

17

18

19

20

21

22

ORDER - 3