THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGAL WEST CORPORATION, a Washington corporation d/b/a Regal Logistics and Appiaway.com,<br><br>Plaintiff<br><br>vs<br><br>GRAPECITY, INC., a Japanese corporation,<br><br>Defendant. | NO. 11-05415 BHS<br><br>STIPULATED PROTECTIVE ORDER<br><br>Noted for: December 21, 2012 |

This matter having come before the Court upon the Stipulation of the parties, the Court enters the following Order:

1. "Classified Information," as used herein, means any and all tax returns, financial information, customer lists, customer invoices, communications with actual or potential customers, freight carrier lists, carrier invoices, negotiated carrier freight rates or discounts, other material identifying specific transactions between Regal and specific customers or carriers, and present or future marketing plans of Regal. This Classified Information has been or is being produced by Regal pursuant to this Court's order compelling discovery entered on December 7, 2012.

STIPULATED PROTECTIVE ORDER - 1 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

2."Classified Information," also shall mean any and all customer invoices, and financial information, including but not limited to, payroll information and profit-and-loss information, produced by GrapeCity.

3.Classified Information also includes information derived from any of the above-described documents and any deposition testimony or other discovery into the contents of such documents. Classified Information may not include materials available to the public, documents submitted to any public entity without request for confidential treatment, information that the opposing party can demonstrate it has derived independently without reference to the Classified Information, and information and material that has been disclosed to a third party without any restriction or other obligation to keep such information confidential.

4.Classified Information shall be considered as produced "For Attorneys' Only," shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. All Classified Information shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

5.The parties have agreed that all Classified Information shall be treated as "For Attorneys Only" in accordance with this Order, whether or not documents included in the list of Classified Information or documents containing information derived from such documents have been physically designated as "Confidential" or "For Attorneys Only."

STIPULATED PROTECTIVE ORDER - 2 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

6. Except as permitted by further order of this Court or by subsequent written agreement of the designating party, and subject to the terms of this Protective Order, disclosure of Classified Information including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

(a) Outside counsel of record for the parties, including paralegal and clerical employees;

(c) Court reporters (other than those present during hearings or other Court proceedings) and other similarly situated persons under an obligation as a matter of law to abide by the terms of this Protective Order;

(d) Consultants or experts retained by the parties to consult or testify in the case who are not employees or officers of the parties and who, prior to any such disclosure, have signed an agreement to be bound by the provisions of this Protective Order in the form of Exhibit A attached hereto (such signed document to be served on all parties), as well as clerical employees and other staff assisting such consultants or experts, provided that the identification of such consultant or expert shall not constitute the designation of such person or entity as an expert for trial under Fed.R.Civ.P. 26;

(e) Legal support contractors hired by counsel of record for duplicating, imaging, or coding documents containing Classified Information, and other independent consultants (e.g. trial consultants) engaged to assist counsel in connection with the trial

STIPULATED PROTECTIVE ORDER - 3 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

and preparation for trial of this case and who sign an agreement substantially in accordance with the terms of Exhibit A hereto; and

(f) Any additional persons on whom and under conditions upon which the parties may agree, or to whom the Court may order disclosure.

7. Before disclosure of any Classified Information subject to this Protective Order is made by either party to any person referred to in paragraph 6(d) above, counsel for either party shall obtain a written declaration from such person substantially identical to the attached Exhibit A. The declaration signed by such person, together with the person's current resume or *curriculum vitae* unless already produced, shall be provided to counsel for the opposing party ten (10) days in advance of the first disclosure of any Classified Information to such person. If no objection is made to such disclosure within such ten (10) day period, then Classified Information may be disclosed to such person. If objection is made, the objecting party may bring before the Court the question of whether the particular Classified Information may be disclosed to such person, and shall have the burden of establishing before the Court why such disclosure should not be permitted. Such motion shall be made within five (5) business days after sending written notice of objection. Pending the outcome of such motion, the proposed disclosure of Classified Information shall not be made. Failure to object to disclosure to a particular person or to file a motion within the periods referenced above shall be deemed a waiver of any and all objections to the referenced disclosure to that person.

8. Each party will make reasonable efforts to identify Classified Information by affixing to each page thereof the legend "Confidential." In producing non-paper media (e.g. audiotape, computer disks, devices, etc.), each party will make reasonable

STIPULATED PROTECTIVE ORDER - 4 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

efforts to conspicuously mark the outside of the medium or its container, if any, with such designation.

9. Each party may designate deposition testimony as "Confidential" at the time of the deposition or within ten (10) days of receipt of the written transcript of such testimony. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

10. Inadvertent or unintentional production of documents or information containing confidential information which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. This Protective Order does not affect or alter a party's rights to refuse to produce information properly subject to the attorney-client privilege or attorney work-product doctrine.

12. Classified Information that is disclosed or discussed in a deposition shall remain confidential, and the transcript of the deposition shall be handled in accordance with paragraph 9, above. The status of Classified Information that is disclosed or discussed in a hearing or at trial shall be determined by the Court. Any party may ask the Court to make such a determination with respect to specific Classified Information in advance of its disclosure.

STIPULATED PROTECTIVE ORDER - 5 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

13. Nothing herein shall prevent disclosure beyond the terms of this Order if either party consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosures.

14. The parties and other persons subject to this Order shall comply with Local Rule CR 5(g) with respect to the filing of documents under seal. To facilitate compliance with that Rule and with the other provisions of this Order, the following procedures shall apply with respect to the submittal of Classified Information to the Court:

   (a) Any person seeking to have any document or other information sealed in Court record shall file a motion pursuant to Local Rule CR 5(g) asking for such relief. The motion may be filed either prior to or at the same time as the filing of the subject documents or information as to which a sealing order is sought. To the extent possible, the parties shall cooperate and attempt to agree on a proposed sealing order and, if they so agree, submit a proposed joint order to the Court.

   (b) Pending the outcome of the Court's ruling on the sealing motion, the documents or other information may be filed under seal (either electronically or otherwise). The documents or other information so filed shall remain under seal until the Court's ruling on the sealing motion. However, nothing in this Order shall be construed to require the Court to grant any such motion, which shall be decided in accordance with Local Rule 5(g).

STIPULATED PROTECTIVE ORDER - 6 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Case 3:11-cv-05415-BHS  Document 68  Filed 12/27/12  Page 7 of 9

15. All Classified Information filed with the Court (including any contained in any pleadings or other filed papers disclosing such information) shall be filed under seal pursuant to the above procedures and marked as follows:

**FILED UNDER SEAL:**

Confidential. This filing contains documents and information that are subject to a Protective Order in this Court. Its contents are not to be revealed to anyone, except the Court, without the prior written consent of counsel for the parties to such Protective Order or pursuant to further order of this Court.

16. Upon completion of this litigation (including any appeals), the provisions of this Order protecting Classified Information shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Classified Information for enforcement of the provision of this Order following completion of this litigation.

17. Within forty-five (45) days of the completion of this litigation (including any appeals), and if requested by either party, all documents containing Classified Information obtained through discovery in this action and copies thereof, all deposition testimony containing such information, and all responses to written discovery requests containing such information shall be destroyed or returned to counsel for the requesting party, and the other party's counsel shall provide a written statement reflecting such disposition. Counsel of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product even if such documents contain Classified Information.

STIPULATED PROTECTIVE ORDER - 7 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Dated this __27__ day of December, 2012.

_____
THE HONORABLE BENJAMIN H. SETTLE

STIPULATED PROTECTIVE ORDER - 8 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

EXHIBIT A

ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION AND
AGREEMENT TO BE BOUND THEREBY

I, _____, hereby declare as follows:

I acknowledge receipt of a copy of the Protective Order dated _____, 201__, in the case of REGAL WEST CORPORATION, d/b/a Regal Logistics and Appiaway.com v. GRAPECITY, INC., Western District of Washington Cause No. 11-05415 BHS, and agree that I will comply with and be bound by its provision with respect to any information provided to me under the terms of that Order. I further understand that, if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this _____ day of _____, 201__, at _____.

S/ _____

Printed Name: _____
Address: _____
_____

STIPULATED PROTECTIVE ORDER - 9 of 9
(11-05415 BHS)
[PLDG Stipulated Protective Order VERSION 2 ('ml200102 02').docm]

890 01 ml200102.02

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565